688 A.2d 1058

SOD FARM ASSOCIATES, A GENERAL PARTNERSHIP OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. SPRINGFIELD TOWNSHIP PLANNING BOARD, BURLINGTON COUNTY, A MUNICIPAL ENTITY AND SPRINGFIELD TOWNSHIP COUNCIL, BURLINGTON COUNTY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1996—Decided December 18, 1996.

Before Judges BAIME and PAUL G. LEVY.

*Lewis Goldshore* argued the cause for appellant (*Goldshore & Wolf,* attorneys; *Mr. Goldshore, Mary S. Henifin* and *Robert Cash,* on the brief).

*Denis C. Germano* argued the cause for respondent Springfield Township Planning Board (*Hulse & Germano,* attorneys; *Mr. Germano,* of counsel and on the brief).

*Dennis P. McInerney* argued the cause for respondent Springfield Township Council (*McInerney & Caniglia,* attorneys; *Mr. McInerney,* of counsel and *Mr. McInerney* and *Mary Louise Ambrose,* on the brief).

The opinion of the court was delivered by

PAUL G. LEVY, J.A.D.

Plaintiff Sod Farm Associates contends that defendants Springfield Township Planning Board and Springfield Township Council have abused their authority, by using the wastewater management planning process (set forth in the Water Quality Planning Act, *N.J.S.A.* 58:11A–1 to –16) and amendments to the Township's zoning ordinance, to deny plaintiff sewer service and thus prevent it from reasonably developing its property. The property contains approximately 638 acres and is "generally oriented" along Route 206. Judge Wells, in a well reasoned and thorough opinion, upheld defendants' actions essentially because the record revealed there was a proper zoning purpose supporting their determinations.

Judge Wells found that the wastewater management plan enacted in April 1993 was inconsistent with the Township's Master Plan and zoning ordinance which contemplated commercial and indus-

trial uses for the Route 206 corridor and required public water and sewage. He explained that it was "abundantly clear" that defendants realized the inconsistency of what they had done regarding the wastewater management plan as it related to plaintiff's property. Denial of plaintiff's access to sewers conflicted with the 1988 Master Plan and with the zoning ordinance, both of which linked development of residential and commercial zones to the availability of public sewers. *N.J.A.C.* 7:15–5.18(b)(8) permits a wastewater management plan to be inconsistent with a municipality's zoning ordinance or master plan "for other compelling reasons, provided that the wastewater management plan specifically identifies such inconsistencies and sets forth such reasons with adequate documentation." Three reasons for these inconsistencies were stated in the Planning Board's resolution of April 1993: (1) the 1992 State Development and Redevelopment Plan classified Springfield Township as a "Rural Planning Area" and did not include plaintiff's property in the growth corridor; (2) the Planning Board realized that commercial development along Route 206, where plaintiff's property was located, was inconsistent with preservation of farmland and the rural agricultural character of the community; and (3) the 1988 municipal Master Plan emphasized that the major planning goal was to preserve productive agricultural land and the rural agricultural character that farmland gives to the community.

■ Judge Wells analyzed the purpose of the changes to the municipal zoning ordinance, and in accord with *Riggs v. Long Beach Twp.*, 109 *N.J.* 601, 538 *A.2d* 808 (1988), looked to the zoning purposes clearly stated in the ordinances as objective evidence of that intent. The record supports his determination that the purpose in excluding plaintiff's property from the Wastewater Management Plan and in changing the applicable zoning classifications is "the preservation of both a rural lifestyle and agriculture as an economically viable business." Obviously, when the State Plan targeted Springfield Township to remain rural, the

township had to reconsider its earlier planning for a commercial corridor along Route 206.

■ Plaintiffs suggest that Judge Wells held the various ordinance amendments changing the minimum residential lot size were valid as "interim zoning," a concept prohibited by *N.J.S.A.* 40:55D–90(b). To the contrary, however, Judge Wells only noted that defendants *argued* that it conceived the three-acre zoning to be an interim measure. He held only that he would not usurp the municipal zoning decision because "[t]hree acre zoning is not inherently unreasonable, given the rural character of Springfield where it is not being used to deny opportunities for low and moderate income housing ... and ... there is an economically viable use which may be made of the land." We conclude that the Township made the least intrusive choice, that it was reasonable and was not interim zoning.

Accordingly, we affirm the dismissal of the complaint essentially for the reasons expressed by Judge Wells in his opinion of November 8, 1995.